ANSON E. CHADWICK v. MARGARET WALSH.

*Attorney and client—Agreement as to compensation—Percentage on alimony allowed—Appeal—Record—Unnecessary matter—Costs.*

1. In this case the agreement of the defendant to allow plaintiff a percentage for his services on the excess over $15,000, awarded to her in a divorce suit, is held to cover $3,000 allowed to pay debts by her incurred.

2. In this case it is held that a record of 12 pages would have presented the only point for decision, and the expense of the excess of 93 pages is charged to the plaintiff, the unnecessary matter having been included at his request and against defendant's objection.

Error to St. Clair. (Stevens, J.) Argued May 17, 1888. Decided June 15, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank Whipple,* for appellant.

*Sheldon A. Wood,* for plaintiff.

CHAMPLIN, J. The only question in this case is whether the court below erred in instructing the jury to render a judgment for $1,307.20 in favor of the plaintiff.

At the request of defendant's counsel the court held that a contract existed between plaintiff and defendant that he was to receive, for his services rendered to her in a suit which she had with her husband for divorce, the sum of 15 per cent. upon the amount awarded to defendant by the court above $15,000. She was allowed $28,000. Three thousand of this was allowed to pay debts incurred by her, and it is insisted by her counsel that this should be deducted. The circuit court thought otherwise, and in this we think the circuit judge was correct. There is no more reason for deducting the $3,000 from the excess over $15,000 than there is that it should be considered a part of the $15,000. It constituted a portion of the amount allowed her, and there is no reason why it should not be included in the amount upon which the percentage should be computed.

The judgment of the circuit court is affirmed, with costs of both courts

The record contains 105 pages, when it should not have exceeded 12 to raise and present the only point in the case. This unnecessary matter was included at the request of the plaintiff, and against the objection of defendant's counsel. This extra and unnecessary expense must be set off and deducted from the costs as taxed by plaintiff.

The other Justices concurred.